David M. Wagner
CROWLEY, HAUGHEY, HANSON,
 TOOLE & DIETRICH P.L.L.P.
P. O. Box 10969
Bozeman, MT  59719-0969
Telephone:  406-556-1430
Facsimile:  406-556-1433
E-mail:  dwagner@crowleylaw.com

Attorneys for Defendant Right Now Technologies, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| OPTIONSXPRESS HOLDINGS, INC., a Delaware corporation, | Civil Action No. CV-08-71-BU-SEH |
| Plaintiff, | **ANSWER** |
| vs. | |
| RIGHTNOW TECHNOLOGIES, INC., a Delaware corporation, | |
| Defendant. | |

COMES NOW Defendant, Right Now Technologies, Inc. (hereinafter "RightNow") and in answer to the Complaint on file respectfully pleads and avers as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against RighNow upon which relief can be granted.

### SECOND DEFENSE

Answering the allegations of Plaintiff's Complaint, RightNow admits, denies and alleges as follows:

1. Answering paragraph 1, RightNow admits that Plaintiff has a place of business in Chicago, Illinois. RightNow lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and, therefore, denies the same.

2. Answering paragraph 2, RightNow admits that it is a Delaware corporation with its place of business in Bozeman, Montana. RightNow denies the remaining allegations in paragraph 2 not heretofore admitted or qualified.

3. RightNow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 and 4 and, therefore, denies the same.

4. Answering paragraph 5, RightNow admits that the Software License and Services Agreement ("Agreement") provides that the Agreement will be governed and construed in accordance with the laws of Montana and that the parties consent to the exercise of exclusive jurisdiction by the state or federal courts in the State of Montana for any claim relating to the enforcement of, or any rights under, the Agreement. RightNow lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and, therefore, denies the same.

5. Answering paragraph 6, RightNow admits that, on or about September 30, 2005, Plaintiff and RightNow entered into a binding Software License and Services Agreement ("Agreement"), as modified. RightNow denies the remaining allegations in paragraph 6 not heretofore admitted or qualified.

6. Answering paragraph 7, RightNow admits that it prepared the Agreement and drafted portions of the Agreement. RightNow affirmatively alleges that Plaintiff also reviewed and negotiated terms of the Agreement. RightNow denies any allegations in paragraph 7 not heretofore admitted or qualified.

7. Answering paragraph 8, RightNow admits that the Agreement provided that, among other terms and provisions, Plaintiff purchased a computer application referred to in the

Agreement as the Intelligent Agent Desktop and that Plaintiff was to pay RightNow $150,000 for products and services. RightNow denies any allegations in paragraph 8 not heretofore admitted or qualified.

8. Answering paragraph 9, RightNow admits that it received payment of $150,000 from Plaintiff. RightNow denies all other allegations in paragraph 9 and affirmatively alleges that the payment did not constitute full performance by Plaintiff under the Agreement.

9. Answering paragraph 10, RightNow admits that the Agreement includes the phrase "complete call center and email response management solution." RightNow denies the remaining allegations in paragraph 10 as pled in the Complaint and affirmatively alleges that Plaintiff has not completely set forth the full text of the provision or the parties' course of performance.

10. RightNow denies the allegations in paragraph 11 and denies any allegation that its application did not function properly.

11. Answering paragraph 12, RightNow admits that it provided a demonstration of the Application to Plaintiff's representative before entering into the Agreement with Plaintiff and affirmatively alleges that RightNow provided Plaintiff with a trial period for Plaintiff to use the Application before Plaintiff executed the Agreement.

12. Answering paragraph 13, RightNow admits that, before the parties executed the Agreement, Plaintiff provided information about Plaintiff's functional needs. RightNow affirmatively alleges that it and its product performed. RightNow denies the remainder of paragraph 13 not heretofore admitted or qualified.

13. RightNow denies paragraph 14.

14. RightNow denies paragraphs 16 and 17.

15. Answering paragraph 19, RightNow admits that, under Montana law, the Agreement contains an implied covenant of good faith and fair dealing. RightNow denies the remaining allegations in paragraph 19 not heretofore admitted or qualified.

16. Right Now denies the allegations in paragraphs 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 46, and 47.

17. Answering paragraphs 15, 18, 22, 32, 37 and 45, RightNow restates and incorporates by reference all previous answers to paragraphs 1 through 47.

18. RightNow denies all other allegations not heretofore admitted, denied or qualified.

## AFFIRMATIVE DEFENSES

Discovery has not yet begun in this matter. Accordingly, Defendants set forth the following defenses to this matter so as not to waive such defenses and to preserve such defenses:

1. Plaintiff's claims are barred by the equitable doctrine of laches.

2. Plaintiff's claims are barred by the doctrine of waiver, including waiver of performance.

3. Plaintiff's claims are barred by the equitable doctrine of estoppel.

4. Plaintiff's claims are barred by the equitable doctrine of promissory estoppel.

5. Plaintiff's sole and exclusive remedies are provided, and limited, by contract.

6. Plaintiff's and Defendant's written agreement represents the entire agreement of the parties and supersedes any prior or contemporaneous understandings, whether written or oral.

7. RightNow did not materially breach any provision of an agreement and Plaintiff has not properly adhered to contractual provisions concerning the license term and termination.

8. The parties' course of performance is evidence that RightNow did not breach any agreement.

9. Plaintiff accepted the software.

10. Plaintiff's claims are limited and barred by accord and satisfaction.

11. The parties subsequently modified the Agreement.

12. Plaintiff has failed to mitigate its damages, if any, the liability for which is expressly denied.

13. Plaintiff has been unjustly enriched by it breach of agreement with RightNow and, therefore, Plaintiff's claims should be barred.

14. In all matters related to Plaintiff's Complaint, RightNow acted lawfully, in good faith, with good cause and without oppression, fraud or malice.

15. Plaintiff's alleged claims and damages are barred or must be reduced because of its own negligence, pursuant to Mont. Code Ann. § 27-1-702 or other the applicable Montana statute on comparative negligence.

16. Plaintiff's alleged injuries or damages, if any, were caused by its own actions, omissions and negligence or the actions, omissions and negligence of person(s), entity(ies) or third parties over whom RightNow had no control.

17. Plaintiff's claims should be barred by its failure to exercise its best efforts with respect to the agreement.

18. Plaintiff was not damaged by any alleged breach of an agreement, an alleged breach that RightNow affirmatively denies.

19. Plaintiff's punitive damage claim is barred by the Montana and United States Constitutions.

20. Plaintiff's claims are barred by the applicable statute of limitations.

21. RightNow affirmatively alleges that it implemented the software to Plaintiff's specifications.

22. Plaintiff is not entitled to attorneys' fees, prejudgment or other interest, costs, and expert witness fees.

WHEREFORE, Defendant RightNow Technologies, Inc. having answered the Complaint, prays as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing by way of the Complaint;

2.      For Defendant's fees, costs and expenses expended herein;

3.      For such other or further relief as the Court may deem just and proper.

Dated this 8th day of December, 2008.

>                CROWLEY, HAUGHEY, HANSON,
>                TOOLE & DIETRICH P.L.L.P.
>
>
>                By ___/s/ David M. Wagner_____
>                      David M. Wagner
>                      P. O. Box 10969
>                      Bozeman, MT  59719-0969
>
>                      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2008, a true and correct copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>    CM/ECF

___    Hand Delivery

___    Mail

___    Overnight Delivery Service

___    Fax

___    E-Mail

1. Clerk, U.S. District Court

2. Jonathan W. Anderson
   KAUFMAN, VIDAL, HILEMAN & RAMLOW, P.C.
   22 2nd Avenue West, Suite 4000
   P.O. Box 728
   Kalispell, Montana 59903-0728
   jwa@kvhlaw.com
   Attorneys for Plaintiff