

FILED
GREAT FALLS
2008 DEC 11 AM 8 51
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| OPTIONSXPRESS HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RIGHTNOW TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendant. | No. CV-08-71-BU-SEH<br><br>ORDER |

The Complaint claims diversity jurisdiction. (Complaint at 2 (Oct. 9, 2008).) Defendant does not contest jurisdiction. (Answer to Complaint (Dec. 6, 2008).) Diversity jurisdiction, however, does not exist. Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

28 U.S.C. 1332 (a)(1)(2000).

The diversity statute requires complete diversity of citizenship between all plaintiffs and

all defendants. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-21 (3d ed. 2004). It is to be strictly construed. City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63 (1941). Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists. Lew v. Moss, 797 F.2d 747 (9th Cir. 1986).

A corporation, for purposes of diversity, is a citizen of both the state of incorporation and of the state in which it has its principal place of business. Montrose Chemical Corp. v. American Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997); 28 U.S.C. § 1332(c)(1). It is alleged that Plaintiff is a Delaware corporation with its principal place of business in Illinois and that Defendant is a Delaware corporation with its principal place of business in Montana. (Complaint at 1-2 (Oct. 9, 2008).) Defendant admits it is a Delaware corporation. (Answer to Complaint at 2 (Dec. 6, 2008).) Each party is a citizen of Delaware. Diversity of citizenship does not exist.

Lack of jurisdiction can be raised at any time. Fed. R. Civ. P. 12(h)(3). Moreover, the Court has the duty to raise jurisdictional issues even if the parties do not. Sessions v. Chrysler Corp., 517 F.2d 759 (9th Cir. 1975).

ORDERED:

1. This case is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to enter judgment accordingly.

DATED this 10th day of December, 2008.

SAM E. HADDON
United States District Judge

2